Good morning. May it please the court, counsel. At issue in this case is the interplay between three legal principles. Can we get you to speak up a little bit or point that microphone a little closer to you? Thank you. The three legal principles are, number one, the definition of actual possession, number two, the definition of constructive possession, and number three, the defense of mistake or accident, which is included in the definition of knowledge. The facts are relatively straightforward. Just real quickly, traffic stop, defendant in the backseat of a vehicle, gun under a blanket in the backseat of a vehicle, statements by the defendant. And for us, the key fact that we focus the court on is that Mr. Jason Sweat, passenger in the vehicle, testified, my guns, I put them in the car. Mr. Anderson didn't know about them. Mr. Anderson picked up the gun, said, what's this? The driver said, the police are behind us, and the gun went back under the blanket. Mr. Anderson placed it back under the blanket. What does this factual scenario amount to? What sort of defenses are available? One legal principle that we have is that possession requires knowledge. Possession of a weapon under 924C requires knowing of a possession of a weapon, and knowing of a possession, and it's different than the legal concept of constructive possession. There is an additional element there. That element is the mental state, and the mental state is knowing, and number two, that mental state of knowing includes a defense of absence or mistake. So the question then becomes, for us, how is that mental state of absence or mistake going to play out? When the jury asks the question, is picking up the gun enough? The jury is asking, is defendant's defense of possession by absence or mistake a valid legal defense? The second part of that then is intent of prerequisite. The jury is asking, is there a mental state with that? That's where the trial court went wrong. That's where the trial court went off track. When the jury asks for clarification of controlling legal precedences, is this a valid legal defense? And the jury asks for clarification of controlling definitions of a legal element of the case, the defense of knowledge, the court is required to give those instructions. The court is required to clear up that confusion. Given that so far, if you're with me so far, then the next step then is... Silence does not necessarily mean assent. It's hard. At a minimum, your client has world-class bad timing as the scenario comes together, and I think the problem gets to be, it all gets translated into, these two issues sort of merge. Sufficiency of evidence is really talking about, is what they proved enough to push you over the line? And I'm not surprised the district judge didn't try to take on the jury question in a sense, because I'm not sure what he would have given them without providing the verdict, how he would have answered the question. So I get to the same question, I guess, in the other form. What is it that the evidence was offered isn't enough to cross the line? Isn't enough to represent knowing possession? My problem with this is, I don't think he's saying, gee, is this a toothbrush or is it something else? I think it's pretty apparent when he's holding the thing up, he knows what he's dealing with there. And at that instant, he knows he's in possession of something he's not supposed to have. Yeah, and that's where I kind of come down on this too. Okay, this is a gun. He came into possession of it by accident or mistake. Our position entails then, that can't instantly translate into a conviction. Once you come into possession of it by absence or mistake, you have to retain possession by knowing, retain possession. And so if the situation, it kind of plays out and there's three or four, and I'm trying to untangle in your question, but I think it comes down to what happens in that instant. Our position is there's still a defense, that defense involves the mental state. And what this record shows is a knowing relinquishment of possession. Why doesn't jury instruction 23 cover what you're talking about? In jury instruction 23 is? It's the one that says, talks about in order to prove constructive possession, describes what that is, says mere proximity is insufficient, knowledge that it's there is insufficient, accessibility is insufficient, association with other persons in the vicinity is insufficient. And that's in effect what the judge did was he referred the jury back to the written instructions, right? Yeah, for the second question. He answered the first question. For the second question he said, I'm not going to answer that. You have to sort it out. Because it's an actual possession case. I mean, that's the answer to your question. The jury found actual possession. That was their theory. The defense theory was actual possession by absence or mistake. And the theory of absence or mistake can only happen in the case of actual possession. Doesn't instruction 16 cover that? The knowledge instruction? An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. It does cover it, and the jury should have been instructed. When the jury came back and did not constitute possession, is intended for requisite, their question is, does the defense have a valid theory? And the second part of it, does that valid theory require a second theory? So in your position here today is if the judge had said, I refer you specifically to instruction 16, which I previously gave you, and I'm now going to read again. That would have been okay. That's our bottom line. Yeah, definitely. And that's what... What's your best case for doing that as opposed to simply referring them to the instructions they were previously given constitutes error? I don't have it. I can't run a blanket on the name of it. It's the case that is cited in the reply brief. And generally speaking, along the lines of when they're asking for specific instructions, the United States Supreme Court case was Bolenbach, that you have to give them some instructions. It was the case where the jury came back and said, can you have the DEA agent, can you conspire with a government agent? And the court said, refer to the instructions, sort it out. We're saying that sort of thing happened in this case. There is a specific legal answer that should have been given. That specific legal answer was the answer that you targeted, which was the answer of knowledge. They should have been told, in this case, possession of a weapon requires knowing of a weapon. Actual possession, constructive possession, the mental state of knowledge, knowledge is instruction 16. It includes the language of absence and mistake. That's what should have happened, and that's what didn't happen in this case. And the result of it was to take away the only defense that Mr. Anderson had. Okay. We've got a few minutes for a rebuttal. Thank you for your argument. We'll hear from the government at this time. Mr. Sullivan? Good morning. Brian Sullivan on behalf of the government. I think the last question that, is it Judge Hawkins? Yes. That you asked, I think that's what this case boils down to, is I don't think anybody's really arguing over the facts. I know they raised the insufficiency of the evidence argument here, and I've responded to that, and I've outlined the evidence, I think, that supports sufficiency of the evidence in this case. But I think what the case really boils down to is they're complaining that the defense complained that the judge should have referred specifically back to that instruction, instruction number 16, the knowingly instruction, which he already gave. But that's the point I think I was trying to set forth in the government's brief in the Arizona v. Johnson case, which even though the facts are somewhat different in the types of crime, I think it's very similar to what happened here, is the jury sends in a note and says, can somebody in custody give consent? It was a kidnap-break case by a border patrol agent who had an illegal alien in his car, and in that case the judge did what happened here. Maybe not, it was even a little more simple, he just said refer back to the instructions that have already been given to you and didn't answer that question. In this particular case, I think Judge Sandoval answered, it was a very convoluted question. I think the note itself that the jury sent in is in the record here. But he answered their question and referred them back properly, and I don't think the defense argues in their brief. They state, and Mr. De La Cruz during the trial in the record states that he has no problem with referring the jury back to those two specific instructions on possession, the instruction number 13 and instruction 23. I think it's significant to point out here that in those instructions when the judge gave a limited form, or when you read part of it about the knowledge portion, he does talk about knowledge, knows of its presence when he's talking to them in his note back to them, and either knows and has the intention to control. He's using that word knowledge and he refers them back to all of the instructions. Of course, one of the instructions, the very first instruction as a matter of fact, is one of those that says you can't single out any instruction. You've got to consider them all. I think that's my point in the Arizona v. Johnson case. This court stated in that case that a district judge walks a real fine line when he starts singling out instructions because a jury may, if you put undue emphasis, the jury may think that the judge who has the last word here when he's giving him this last instruction, they may put too much weight on that. That's, I think, what happened here. Did the defendant receive a fair tryout? Were all the instructions correct? Correct. The defense agrees that they were all correct. One of the instructions that was given... It was an actual possession case and not a constructive possession case. I think it was an actual possession case by virtue of the position of the firearm and where it was found. The defendant was in the back seat practically sitting on it. You did not argue, or the government did not argue, constructive possession? That's what I'm saying. It was an actual possession. Why was instruction 23 given at all? I think an argument can be made that a constructive possession argument can be made that... It wasn't found on his person, let's just say that. That's probably the best actual possession case that you could have of a firearm. A police officer stops somebody, pats them down, and finds a gun stuck in their waistband. That's the best case scenario. This was found underneath the blanket and he was sitting with part of the blanket draped over him and part of the blanket draped over the gun. To answer your question, yes, I say it's an actual possession because it's within his immediate reach. Does that mean you couldn't argue that it was constructive possession as well? What I'm suggesting is that everyone seems to agree this is an actual possession case. The jury is confused on the actual possession and constructive possession instructions. There seems to be a conflict. I'm just curious why 23 was offered because it doesn't seem to have anything to do with that and cause your confusion. All I can say, Your Honor, is that any time that I'm trying a case and I think that I can argue both theories, then I want to be able to argue. Any jury instruction I think is going to help me. Just as I argued here to you, even though I think it was an actual possession, I think an argument can be made for constructive possession. I don't think that instruction was wrongly given and neither does the defense. Was there any objection to the giving of 23? No. Let me back up. I don't know. I didn't try the case, Your Honor. All I can say is that from reading the defendant's brief, he does not object to any of these instructions and states that they were proper jury instructions. My answer has to be along those lines, but I wasn't there at the trial and I don't recall seeing in the record that they objected to that specific instruction. I think I've made my argument with respect to the jury instruction issue and probably made my argument with respect to the sufficiency of the evidence, too. I think that the only thing I'll say on the sufficiency of the evidence is that during the proceeding here, the court was talking to counsel about him picking up the weapon. What's this? That's been brought out in the facts of the case. My only point, I guess, is that one of the jury instructions says, it's a common jury instruction, a stock jury instruction that's given a lot. I think it's given in every criminal trial. You can believe part, some, or none. You can believe all, part, or none of a witness's testimony. And in this particular case, a lot of emphasis has been made on that and maybe that's exactly what happened. But I think the jury was entitled to say, well, wait a minute, maybe they just made this story up because, you know, we got pulled over by the cops. We got to come up with something. We got two ex-felons in a car and each of them's got a gun. And so, whether those facts are true or not, I don't know. The jury resolved those inferences in favor of the government by returning the guilty verdict. And I think the evidence is well sufficient to support this verdict. And I'm happy, I still have a lot of time left. I'm happy to answer any more questions. I don't want to sit down. I don't think I've ever said that to the Ninth Circuit before, but I want to answer all your questions since I'm last. I don't see any. Okay. Thank you very much. Thanks for coming down today. Rebuttal? Was there an objection to 23? No, Your Honor. And we'd like to, I'd need to explain that a little bit. In the context of the jury questions, there was no real objection to the answers to question number one. What there was is a lot of discussion, which is in the record in the ERs, we have to instruct them on intent when we answer number two. Minimum bottom line was position, you have to give them the knowledge instruction. They did get the knowledge instruction. Not in answer to that question. They were within the packet. They had all of the instructions. I didn't object to any of them as far as I can tell. The ones that are issued? Yeah. And we're not saying those are bad instructions. We're saying there is a defense of knowledge and mistake. When the jury comes back and says, is picking up the gun sufficient? You have to instruct them. Because basically in the context of this case, that was the defense. And they're asking, is that a valid theory? There were parts where the prosecution was arguing in this case, picking up the gun is enough as the judge instructed you. And our position is that there is a defense of absence or mistake. That defense is only in the case of actual possession. And the jury has to be told that. That was their question. What was the answer that was proposed by defense counsel to the question? His first answer combines some intent language. Because there was intent. And generally speaking, it's in the record. It's about DR-419. And generally speaking, it goes along these lines. That when you have that, someone has to possess it. It can't be by accident or mistake. And they must intend to possess it. That was the answer that was proposed. And the judge said, I don't want to give that. And Mr. De La Cruz went on, for minimum, you have to give them. It concerns our defense, Your Honor. It concerns our defense. You have to give them some instruction to tell us it's a valid defense. And it wasn't done. And I see I'm out of time. So I do have one more point. Go ahead. Well, the other point is that in this sort of thing, there may have been inferences about other things that were going on. Our position is this, that if you have testimony as to A, B, and C, and the jury does not believe C, that doesn't mean D, E, and F. I mean, you can't get there on these records that this was some holdup of the Second Street Saloon. You just can't get there. I mean, the jury may come back and say these are bad guys. They're bad felons. We all know what's going on. But on this record, with this evidence, even if you don't believe anything you say, you can't get to something that's way out here. And that would be my point. Okay. Thank you for the argument. I want to thank both sides for their argument. The case just argued will be submitted for decision. And the Court, for this session, will stand adjourned.
judges: Hawkins, Thomas, Clifton